**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT<br>**AMENDED ORDER** |

In the transfer order establishing this consolidated multidistrict litigation ("MDL"), the Judicial Panel on Multidistrict Litigation ("Panel") stated, "IT IS FURTHER ORDERED that claims unrelated to the formation and/or operation of the MERS system are simultaneously remanded to their respective transferor courts." (Doc. #1.) The parties contest which claims in each of the various cases relate to the formation and/or operation of MERS.[1] This Order addresses the thirteen cases[2] listed below that were transferred by the MDL Conditional Transfer Order (CTO-2) and Simultaneous Separation and Remand of Certain Claims (Doc. #107):

---

[1] The parties have fully briefed this issue pursuant to the Court's Order on Practices and Procedures (Doc. #176). Although the parties sought "remand" of certain claims to the transferor court, under Section 1407(a), remands to a transferor court can only be effected by the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407; *see also* R.P.J.P.M.L. 7.6. The Court, thus, stresses that this order is solely a determination of which claims are pending before this Court and which claims remain in their respective transferor courts, pursuant to the Panel's transfer orders.

[2] Twenty-one additional cases transferred by the transfer order have been addressed by a separate set of briefing.

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
|---|---|---|
| *Duncan*[3] | CV 10-414-PHX-JAT | 3:09-632 (Nevada) |
| *Sieben* | CV 10-416-PHX-JAT | 3:09-642 (Nevada) |
| *Huck* | CV 10-417-PHX-JAT | 3:09-643 (Nevada) |
| *Vo* | CV 10-425-PHX-JAT | 3:09-654 (Nevada) |
| *Eastwood* | CV 10-426-PHX-JAT | 3:09-656 (Nevada) |
| *Ellifritz* | CV 10-427-PHX-JAT | 3:09-663 (Nevada) |
| *McConathy* | CV 10-428-PHX-JAT | 3:09-665 (Nevada) |
| *Smith* | CV 10-429-PHX-JAT | 3:09-666 (Nevada) |
| *Sage* | CV 10-456-PHX-JAT | 3:09-689 (Nevada) |
| *Mason* | CV 10-457-PHX-JAT | 3:09-734 (Nevada) |
| *Freeto* | CV 10-459-PHX-JAT | 3:09-754 (Nevada) |
| *Fitzgerald* | CV 10-460-PHX-JAT | 3:10-1 (Nevada) |
| *Dominguez* | CV 10-461-PHX-JAT | 3:10-16 (Nevada) |

**I. General Interpretation of the Transfer Order**

In the initial transfer order, the Panel transferred to this Court all allegations within these actions that "the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable or foreclosures are inappropriate due to MERS's presence as a party" or that otherwise concern the "formation and operation" of MERS. (Doc. #1.) However, the Panel simultaneously remanded unrelated claims to their transferor courts, finding that "plaintiffs' claims relating to loan origination and collection practices do not share sufficient questions of fact with claims regarding the formation and

---

[3] In four other cases briefed for this order, CV 10-401-PHX-JAT (*Huck*), CV 10-413-PHX-JAT (*Gillespie*), CV 10-415-PHX-JAT (*Caffee*), and CV 10-455-PHX-JAT (*Barlow*), Plaintiffs have moved for leave to file amended complaints. (Doc. ##525, 526, 564, 573.) The Court will wait until after it grants or denies those motions to determine which claims have been retained and which claims have been remanded in these four cases. An updated briefing schedule is set forth below.

- 2 -

operation" of MERS and their inclusion "would needlessly entangle the litigation in unrelated, fact-intensive issues." *Id.*

Accordingly, this Court will not retain claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL. Only causes of action that in essence turn on the formation or operation of MERS, no matter how framed, have been transferred to the undersigned.

Defendants Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "Moving Defendants") filed a Motion to Remand Claims. (Doc. #364.) Four responses were filed. Defendant OneWest Bank ("OneWest") disagrees with Moving Defendants on six claims in one case. (Doc. #420.) Defendants Countrywide Home Loans, Inc., Countrywide Financial Corp., Countrywide Bank, F.S.B., Bank of America Corporation, N.A., ReconTrust Company, N.A., First Horizon Home Loans Corporation, and Wells Fargo Bank (collectively, "Responding Defendants") disagree as to six types of claims in seven cases. (Doc. #428.) Two other responses were filed that do not dispute the Moving Defendants' analysis. (Doc. ##415, 416.) MERS replied. (Doc. #433.)

**II. Claims on Which the Parties Do Not Agree**

Within these "tag-along" actions there are several types of claims over which the parties disagree. Where the parties agree as to the proper determination of a claim, the Court adopts the parties' determination unless otherwise noted.

**A. Fraud in the Inducement**

The parties disagree about the status of claims for fraud in the inducement in *Duncan* (Fourteenth Claim), *Sieben* (Fourteenth Claim), *Huck* (Fourteenth Claim), and *Ellifritz* (Fourteenth Claim). Moving Defendants argue that all of these claims have been transferred to the MDL. Responding Defendants argue that the claims in *Duncan*, *Sieben*, and *Huck* have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court. OneWest argues that the claim in *Ellifritz* has been remanded in its entirety.

Each of these claims contains the allegation that defendants "failed to disclose the material terms of the loans" and other allegations relating to the loan origination process.[4] But these claims also allege that defendants failed to disclose that they "had no lawful right to foreclose upon" the properties and that "[the plaintiffs'] obligations on the notes had been discharged." These allegations relate to the operation of MERS.[5]

While either the MERS-related misrepresentations or the non-MERS-related misrepresentations could each be logically sufficient to establish liability, it may be that only all of the misrepresentations together were sufficient to induce the plaintiffs to enter the contract. Thus, these claims cannot be split and—as at least some of the allegations relate to the operation and formation of MERS—these claims have been transferred in their entirety to the MDL.

**B. Fraud Through Omission**

The Parties disagree about the status of claims for fraud through omission in *Duncan* (Sixth Claim), *Sieben* (Sixth Claim), *Huck* (Sixth Claim), and *Ellifritz* (Sixth Claim). Moving Defendants argue that these claims have been transferred to the MDL, while Responding Defendants and OneWest argue that these claims have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court.

Each of these claims contains the allegation that defendants failed to disclose their "predatory, unethical and unsound lending and foreclosure practices" and the "predatory... practices of other major lenders, of which Defendants were aware per the MERS system."[6] Thus, these claims involve both MERS-related omissions and non-MERS-related omissions which could serve as the basis for a finding of fraud. However, just as with the fraud in the

---

[4] *See*, *e.g.*, CV 10-414-PHX-JAT (*Duncan*), Doc. #1-1 at 48-50

[5] *Id.*

[6] *See*, *e.g.*, CV 10-413-PHX-JAT (*Duncan*), Doc. #1-1 at 31.

inducement claims above, the fraud through omission claims cannot be severed. Therefore, these claims have been transferred in their entirety to the MDL.

**C. Racketeering**

Plaintiffs assert claims for racketeering activity under Nevada law in *Duncan* (Eleventh Claim), *Sieben* (Eleventh Claim), and *Huck* (Eleventh Claim). These claims allege vaguely that defendants have "engaged in racketeering" via the "predatory and abusive lending practices described herein."[7] Responding Defendants argue that because these alleged underlying lending practices have been bifurcated, with some retained and some remanded, this racketeering claim must also have been split. Moving Defendants argue that because these claims are unclear as to which practices actually constitute the racketeering claim, they have been transferred to the MDL in its entirety.

The Court finds that these claims incorporate each and every other claim in their respective complaints. Thus, it would be feasible for either a pair of non-MERS-related violations to support a racketeering claim or a pair of MERS-related violations to support a racketeering claim. Therefore, these racketeering claims should be considered by both this Court and the transferor court. Accordingly, these claims have been bifurcated.[8]

**D. Civil Conspiracy**

Plaintiffs assert claims for civil conspiracy in, *Duncan* (Tenth Claim), *Sieben* (Tenth Claim), and *Huck* (Tenth Claim). These claims allege vaguely that defendants have "entered into a conspiracy with other members of MERS" in which they "failed to inform Nevada mortgagors of their rights," continue to illegally "eject Nevadans" from their homes, and commit the violations alleged in the other claims of the complaint.[9] Responding Defendants

---

[7] See, e.g., CV 10-414-PHX-JAT (*Duncan*), Doc. #1-1 at 43.

[8] The identical racketeering claims in *Vo* (Tenth Claim), *Eastwood* (Tenth Claim), *Ellifritz* (Tenth Claim), *McConathy* (Tenth Claim), *Smith* (Tenth Claim), *Sage* (Tenth Claim), *Freeto* (Tenth Claim), and *Dominguez* (Tenth Claim) are also bifurcated.

[9] See, e.g., CV 10-414-PHX-JAT (*Duncan*), Doc. #1-1 at 41-42.

argue that because these alleged underlying violations include claims that have been retained and claims that have been remanded, this conspiracy claim must also have been split. Moving Defendants argue that all of the allegations are fused with the alleged MERS conspiracy and have thus been transferred to the MDL.

The Court finds that these claims are cumulative of all other claims in their respective complaints. Thus, it would be feasible for either a pair of non-MERS-related violations to support a conspiracy claim or a pair of MERS-related violations to support a conspiracy claim. Therefore, these civil conspiracy claims should be considered by both this Court and the transferor court. Accordingly, these claims have been bifurcated.[10]

**E. Contractual Breach of Duty of Good Faith and Fair Dealing and Tortious Breach of the Implied Duty of Good Faith and Fair Dealing**

The parties disagree on these two types of claims in *Duncan* (Eighth and Ninth Claims), *Sieben* (Eighth and Ninth Claims), *Huck* (Eighth and Ninth Claims), and *Ellifritz* (Eighth and Ninth Claims). Moving Defendants argue that these claims have been transferred in full, Responding Defendants argue that these claims in *Duncan*, *Sieben*, and *Huck* have been severed with part transferred and part remanded, and OneWest argues that these claims in *Ellifritz* have been remanded in full.

Plaintiffs allege that defendants' participation in MERS created a duty of good faith and fair dealing which was breached in the loan origination process.[11] Thus, even though these claims involve loan origination, they raise questions of fact sufficiently related to operation of MERS. Thus, these claims have been transferred in their entirety to the MDL.

---

[10] The identical civil conspiracy claims in *Vo* (Eleventh Claim), *Eastwood* (Eleventh Claim), *Ellifritz* (Eleventh Claim), *McConathy* (Eleventh Claim), *Smith* (Eleventh Claim), *Sage* (Eleventh Claim), *Freeto* (Eleventh Claim), and *Dominguez* (Eleventh Claim) are also bifurcated.

[11] See, e.g., CV 10-414-PHX-JAT (*Duncan*), Doc. #1-1 at 38-41.

**F. Wrongful Foreclosure**

Plaintiffs assert a claim for wrongful foreclosure in *Ellifritz* (Fifth Claim). Moving Defendants argue that the claim has been retained, while OneWest argues that this claim has been split. Specifically, OneWest argues that "Plaintiffs' allegation that their obligations have been discharged because investors of mortgage-backed securities received federal bailout funds" deals with "collection of payments on the mortgage loan, and whether Plaintiffs' payment obligation has been discharged" and has been remanded. (Doc. #420 at 5-6.) Moving Defendants contend that because "the federal-bailout allegation concerns the role of [MERS], the 'wrongful foreclosure' claim was transferred to this Court in its entirety." (Doc. #433 at 6.)

The Panel's transfer order made clear that the actions transferred to this Court "possess a common factual core regarding allegations that... security instruments are unenforceable or foreclosures are inappropriate due to MERS's presence as a party." (Doc. #1 at 2.) Here the allegation is that defendants' "foreclosures are inappropriate" due to the workings of the federal bailout. This allegation appears to share sufficient questions of fact with claims regarding the formation and operation of MERS that it is properly part of the MDL. Accordingly, the entirety of this claim for wrongful foreclosure has been retained.

**G. Conspiracy to Commit Fraud and Conversion**

Plaintiffs assert a claim for "conspiracy to commit fraud and conversion" in *Ellifritz* (Second Claim). Moving Defendants argue that this claim has been transferred to the MDL and OneWest argues that this claim has been remanded. The claim alleges that defendants conspired to defraud plaintiffs "by participating in [MERS]... which was the forming of an association to conspire to deprive Plaintiff(s) of their property through fraud and misrepresentation..."[12] This allegation relates to the formation and operation of MERS and, thus, the Court finds that this claim has been transferred.

Accordingly,

---

[12] CV 10-437-PHX-JAT (*Ellifritz*), Doc. #1-1 at 41.

1     **IT IS ORDERED** that the Motion to Remand Certain Claims (Doc. #364) is
2 **GRANTED IN PART** and **DENIED IN PART**.

3     **IT IS FURTHER ORDERED** that with respect to *Huck* (CV 10-401-PHX-JAT),
4 *Gillespie* (CV 10-413-PHX-JAT), CV 10-415-PHX-JAT (*Caffee*), and CV 10-455-PHX-JAT
5 (*Barlow*) the motion is denied without prejudice. Moving Defendants shall have ten days
6 after the Court rules on the motions for leave to amend to file a motion to remand all claims
7 that it asserts the panel remanded to the respective transferor courts in the transfer orders;
8 Plaintiffs and the non-moving Defendants shall respond to this motion to remand within ten
9 days and in the responses shall specify what claims they agree were remanded, what
10 additional claims, if any, have been remanded, and what claims, if any, they assert were not
11 remanded; Moving Defendants shall reply (in a consolidated reply) within ten days.

12     **IT IS FURTHER ORDERED** that with respect to *Duncan* (CV 10-414-PHX-JAT),
13 *Sieben* (CV 10-416-PHX-JAT), *Huck* (CV 10-417-PHX-JAT), *Vo* (CV 10-425-PHX-JAT),
14 *Ellifritz* (CV 10-427-PHX-JAT), *McConathy* (CV 10-428-PHX-JAT), *Smith* (CV 10-429-
15 PHX-JAT), and *Sage* (CV 10-456-PHX-JAT) claims 2, 5-9, 13 and 14 and part of claims 3,
16 4, 10, 11, and 12 remain with the undersigned as part of the MDL and claim 1 and part of
17 claims 3, 4, 10, 11, and 12 have been remanded to their respective transferor courts. MERS
18 shall file a copy of this Order with each transferor court within the next two business days.

19     **IT IS FURTHER ORDERED** that with respect to *Eastwood* (CV 10-426-PHX-JAT)
20 claims 1-2, 5-9, 13 and 14 and part of claims 3, 4, 10, 11, and 12 remain with the undersigned
21 as part of the MDL and part of claims 3, 4, 10, 11, and 12 have been remanded to the
22 transferor court. MERS shall file a copy of this Order with the transferor court within the
23 next two business days.

24     **IT IS FURTHER ORDERED** that with respect to *Mason* (CV 10-457-PHX-JAT)
25 and *Fitzgerald* (CV 10-460-PHX-JAT) claims 1-4 and part of claim 6 (i.e., injunctive relief,
26 declaratory relief, and quiet title) remain with the undersigned as part of the MDL and claim
27 5 and part of claim 6 (i.e., injunctive relief, declaratory relief, and reformation) have been
28

1 remanded to their respective transferor courts. MERS shall file a copy of this Order with each transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Freeto* (CV 10-459-PHX-JAT) claims 2, 5-11, and 13 and part of claims 3 and 4 remain with the undersigned as part of the MDL and claims 1 and 12 and part of claims 3 and 4 have been remanded to the transferor court.[13] MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Dominguez* (CV 10-461-PHX-JAT) claims 1-2, 5-11, 13 and 14 and part of claims 3, 4, and 12 remain with the undersigned as part of the MDL and part of claims 3, 4, and 12 have been remanded to the transferor court.[14] MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in each member case listed on page 2.

**IT IS FURTHER ORDERED** that with respect to any claims that are staying with this Court, Defendants shall answer or otherwise respond to those claims within the time limits set in the Initial Practice and Procedure Order (Doc. #25); with respect to any claims that have been remanded to the transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case, the order of the transferor court shall control.

---

[13] While these remanded claims do not appear to involve Defendants Litton Loan Servicing LP, Bank of New York Mellon as former trustee for the C-BASS Mortgage Loan Asset-Backed Certificates Series 2005-CB4, and JPMorgan Chase Bank, National Association, as former trustee for the C-BASS Mortgage Loan Asset-Backed Certificates Series 2005-CB4 (collectively, "Litton Loan Group"), this argument is better made in a motion to dismiss. Thus, the Court remands these claims even as they relate to the Litton Loan Group.

[14] The Court remands these claims even as they relate to Defendant Litton Loan Servicing LP.

**IT IS FURTHER ORDERED** within 12 days of this Order, MERS shall file all documents related to a case bifurcated herein into the record of the transferor court in that particular case. (Because this Court will not transfer the entire MDL file and docket to any individual transferor court, this will insure the Judge in the transferor court has a complete record for that specific case).

DATED this 4th day of June, 2010.

_____
James A. Teilborg
United States District Judge